```
         IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF IOWA
                   WESTERN DIVISION
```

| | |
|---|---|
| JAYME RYAN POWELL, | |
| Plaintiff, | No. **13-CV-4020-DEO** |
| vs. | **ORDER** |
| JIM MCKINNEY AND THE STATE OF IOWA | |
| Defendants. | |

Mr. Powell is currently incarcerated at the Fort Dodge Correctional Facility pursuant to a conviction for first and second degree robbery. Docket #1, Powell v. State, 820 N.W.2d 159 (Iowa Ct. App. 2012).  On February 13, 2013, Mr. Powell filed a pro se petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus.  Docket # 1.

**I.  FILING FEE**

The filing fee for a Writ of Habeas Corpus is $5.  28 U.S.C. § 1914(a).  Mr. Powell did not pay the $5.00 fee. Nor did his initial petition include an application to proceed in forma pauperis.  Mr. Powell has also failed to file application for the appointment of counsel.

An application to proceed in forma pauperis requires an affidavit stating:  (1) all the assets the prisoner possesses, (2) an inability to pay court fees or provide any security therefor, (3) nature of the action, defense, or appeal, and

(4) affiant's belief that they are entitled to redress. 28 U.S.C. § 1915(a)(1). Prisoners must also meet an additional requirement; they must submit a certified copy of their prisoner trust fund account statement for a 6-month period prior to the filing of the complaint. 28 U.S.C. § 1915(a)(2).

The Court will allow Mr. Powell thirty days to either pay the filing fee or file an application to proceed in forma pauperis. If Mr. Powell does not pay the fee or file an application to proceed in forma pauperis, the Clerk of Court shall dismiss this case.

Mr. Powell is also free to file an application for the appointment of counsel under 28 U.S.C. § 2254(h) along with application to proceed in forma pauperis.

**II. STATE OF IOWA**

The Court notes that Mr. Powell has incorrectly named the State of Iowa as the Respondent in this case. 28 U.S.C. § 2243 makes clear that the proper respondent in a federal habeas corpus action is "the person having custody of the person detained." See also 28 U.S.C. § 2242 (stating application shall allege the name of the person who has custody over her). Mr. Powell has also filed this case against Jim McKinney, the Warden of the Ft. Dodge Correctional

Facility, who is the appropriate defendant in a Habeas action. Accordingly, the State of Iowa shall be dismissed as a defendant in this case.

## III. CONCLUSION

Mr. Powell shall either submit the $5 filing fee or file a proper in forma pauperis application within 30 days. As noted above, a proper in forma pauperis application requires: (1) an affidavit[1] specifically stating all the assets the prisoner possesses, an inability to pay court fees or provide any security therefor, the nature of the action, and affiant's belief that they are entitled to relief; and (2) a prison account statement covering a 6-month period immediately prior to the filing of the complaint and indicating the average monthly deposits to or the average monthly balance of the account. The Clerk of Court is instructed to send this Order to Mr. Powell forthwith, along with the appropriate forms for filing a Section 1983 case. If Mr. Powell does not submit the $5 filing fee or submit a proper in forma pauperis application within 30 days, the Clerk of Court shall dismiss

---

[1] An affidavit is a "declaration of facts written down and sworn to by the declarant before an officer authorized to administer oaths . . . ." Black's Law Dictionary, 62 (8th ed. 2009).

his complaint without prejudice.  Finally, for the reasons set out above, the State of Iowa is dismissed as a Defendant from this case.

**IT IS SO ORDERED** this 14th day of February, 2013.

_____
Donald E. O'Brien, Senior Judge
United States District Court
Northern District of Iowa