# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| JAYME POWELL, | |
| Petitioner, | No. C13-4020-LTS |
| vs. | **ORDER** |
| JIM McKINNEY, | |
| Respondent. | |

## I.  INTRODUCTION

This case is before me on petitioner Jayme Powell's August 25, 2013, Amended and Substituted Petition (Doc. No. 20) for Writ of Habeas Corpus (Petition), and a request for oral argument made in his August 17, 2015, merits brief (Doc. No. 55) on Ground II.  On October 8, 2015, respondent Jim McKinney filed his brief (Doc. No. 56) on the merits of Ground II.

Powell's Petition raises two primary claims.  First, he argues that he received ineffective assistance of counsel when his trial attorney failed to object to DNA evidence (Ground I).  Doc. No. 20 at 4.  Second, he argues that his rights under the Confrontation Clause were violated when the trial court admitted blood evidence without giving Powell an opportunity to cross-examine the nurse who drew his blood (Ground II).  *Id*. at 6.  This order addresses the procedural stance of both Ground I and Ground II.

## II.  FACTUAL AND PROCEDURAL BACKGROUND

### A.  *State Court Proceedings*

On August 28, 2006, a jury found Powell guilty of first-degree burglary and second-degree burglary.  Doc. No. 29-2 at 3.  The Iowa District Court sentenced Powell

to a term of incarceration not to exceed twenty-five years. On September 22, 2006, Powell filed his notice of appeal to the Iowa Supreme Court. Doc. No. 57-1. On January 18, 2008, that Court found the appeal to be frivolous and dismissed it. Doc. No. 57-3. On December 29, 2008,[1] Powell, filed an Amended and Substituted Application for Post-Conviction Relief in the Iowa District Court, arguing that his trial counsel provided ineffective assistance: (1) by failing to adequately investigate allegations of blood tampering, (2) in his selection of his theory of defense, (3) by failing to obtain telephone records to prove an alibi, (4) in not requesting a change in venue, (5) by failing to use the word "innocent" in his opening statement or closing arguments, and (6) in his cross-examination of several witnesses. Doc. No. 29-2 at 20-26. Powell was represented by attorney Harold Widdison. *Id*. at 25. On October 22, 2008, the State of Iowa filed a Motion for Summary Judgment, which it then amended on June 15, 2009. Doc. Nos. 57-5, 57-6.

After conducting a hearing, the Iowa District Court filed an 18-page ruling on September 25, 2009, in which it granted the motion and dismissed Powell's claims. Doc. No. 57-7. The court took judicial notice of the entire criminal file and also considered evidence submitted by the parties (including the deposition testimony of Powell's trial counsel). *Id*. The court then addressed each of Powell's claims in detail and concluded by holding both (a) that none of Powell's allegations rose to the level of ineffective assistance of counsel and, in any event, (b) there is "no reasonable probability that the results of the proceedings would have been different." *Id*. at 17-18.

Powell filed a timely Notice of Appeal. Attorney Widdison continued to represent Powell on appeal. Doc. No. 29-2 at 27-58. On June 13, 2012, the Iowa Court of Appeals

---

[1] Powell's original Application for Post-Conviction Relief Pursuant to Iowa Code Chapter 822 was filed February 19, 2008. Many of the briefs and orders describe Powell's application for post-conviction relief as his February 2009 application, instead of his February 2008 application. These references appear to be in error. *See* Doc. No. 29-2 at 32. In any case, there is no February 2009 habeas application in the record before me.

affirmed the denial of Powell's application for post-conviction relief. Id. at 1-2. Habeas App. 27-58. On October 12, 2012, the Iowa Supreme Court denied Powell's request for further review, thus terminating the post-conviction proceedings.

## B.     *Federal Habeas Proceedings*

Powell filed a pro se Petition (Doc. No. 1) for Writ of Habeas Corpus in this court on February 13, 2013. On March 18, 2013, Senior United States District Judge Donald E. O'Brien entered an order (Doc. No. 5) granting Powell's request for the appointment of counsel. Attorney Rockne Cole was then appointed to represent Powell. As noted above, Powell then filed an Amended and Substituted Petition (Doc. No. 20) on August 26, 2013, in which he raises two grounds for relief:

   1.    Ground I, ineffective counsel under Sixth and Fourteenth Amendments to U.S. Constitution, to wit: counsel failed to exclude DNA evidence that was collected in this case.

   2.    Ground II, petitioner's Sixth Amendment right to confrontation was violated when the state admitted the blood evidence taken by E.R. nurse Jo Hegenbart without allowing Mr. Powell an opportunity to cross-examine her.

Respondent filed his Answer (Doc. No. 28) and a Motion to Dismiss (Doc. No. 29) on December 20, 2013. Judge O'Brien held a hearing on respondent's Motion to Dismiss on June 6, 2014, and issued an order (Doc. No. 41) denying that motion on August 25, 2014.[2] The primary issue Judge O'Brien addressed was whether Powell's claims were procedurally defaulted because they were not raised before the appropriate state court. Doc. No. 41 at 5. Analyzing Powell's state court petition for post-conviction relief, Judge O'Brien determined that Ground I, Powell's attorney's failure to object to

---

[2] This case was reassigned to United States District Judge Mark W. Bennett on August 20, 2015, after Judge O'Brien passed away. The case was then reassigned to me on February 17, 2016, upon my appointment as a United States District Judge.

3

DNA evidence, was not procedurally defaulted. *Id*. at 11. As such, Judge O'Brien determined that Powell "has properly preserved the issue of the blood sample and that issue will be allowed to proceed to an evidentiary hearing." *Id*. Judge O'Brien then permitted Powell to further brief the issue of whether Ground II, the confrontation clause issue, was procedurally defaulted. *Id*. at 13.

On January 8, 2015, while serving as a United States Magistrate Judge, I established a briefing schedule (Doc. No. 42) for submission of this case on the merits in accordance with Judge O'Brien's order. After requesting and receiving many extensions of his briefing deadline, Powell ultimately filed a Motion for an Evidentiary Hearing (Doc. No. 50) on Ground II instead of a merits brief. On July 23, 2015, I held a telephonic status conference with the parties to determine why Powell filed that motion. Powell's attorney argued that because Judge O'Brien had already determined that an evidentiary hearing would be held on Ground I, it would be helpful to the court for the facts relevant to Ground II to be developed further at that evidentiary hearing. On July 30, 2015, I entered an order (Doc. No. 54) denying Powell's request for an evidentiary hearing on Ground II and, again, ordered the parties to submit merits briefs with regard to that claim for relief. Powell then filed his merits brief (Doc. No. 55) on Ground II on August 17, 2015.

On October 8, 2015, the respondent filed his responsive merits brief (Doc. No. 56) along with voluminous state court records (Doc. No. 57) that had not previously been made part of the record in this case.[3] Now that this case has been reassigned to me, I have reviewed those state court records in an effort to determine whether an evidentiary hearing is appropriate with regard to Ground I.

---

[3] The "Habeas Appendix" (Doc. No. 29-2) filed by respondent on December 20, 2013, in support of his motion to dismiss understandably contained only those records the respondent relied upon in support of that motion.

4

### *III.   DISCUSSION*

Congress has determined that an evidentiary hearing is appropriate in a Section 2254 habeas action only if the applicant shows that:

(A)   the claim relies on—

    (i)   a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

    (ii)   a factual predicate that could not have been previously discovered through the exercise of due diligence; <u>and</u>

(B)   the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2) (emphasis added); *see also White v. Dingle*, 757 F.3d 750, 757 (8th Cir. 2014) (setting forth the statutory requirements and noting that the appellate court reviews the denial of an evidentiary hearing for an abuse of discretion).

Powell appears to rely on subsection (A)(ii).  He has taken the position in this case that his state court post-conviction proceedings were summarily dismissed on procedural grounds in a manner that prevented development of the factual record.  For example, in his June 22, 2015, Motion for an Evidentiary Hearing, Powell wrote:

> Here, the State post-conviction court refused to hold an evidentiary hearing. Instead, it summarily dismissed the application on September 25, 2009. *Powell v. State*, 820 N.W.2d 159 (Iowa Ct. App. 2012) ("After receiving briefing and hearing argument, the district court summarily dismissed Powell's application on September 25, 2009.").
>
> [ ] As such, there are not factual findings to defer to . . . . Here, the State had a full and fair opportunity to allow Mr. Powell to develop the factual basis of his claims in State court. He tried to do so, but his claim was summarily dismissed, apparently on procedural grounds. Under these circumstances, the Court owes no deference to the factual findings, especially where no evidence was taken nor factual findings made.

5

Doc. No. 50 at 2-3. Now that the state court records have been filed in this case, it turns out that this is not accurate. The Iowa District Court granted summary judgment (Doc. No. 57-7) against Powell, which does mean (by definition) that his case was "summarily dismissed." However, this dismissal was not based on "procedural grounds" and did not occur before Powell had the opportunity "to develop the factual basis of his claims." Instead, the Iowa District Court not only (a) took judicial notice of the entire criminal case record, but also (b) considered evidence developed during the post-conviction proceedings, including Powell's own affidavit and the deposition of Michael Williams (trial counsel for Powell in the criminal case). Doc. No. 57-7 at 1, 4; Doc. No. 57-12 at 215-36, 309-13. Tellingly, when Powell appealed the Iowa District Court's grant of summary judgment, his attorney did not argue that Powell had been deprived of the opportunity to develop the factual record. Doc. No. 57-10. Instead, he made repeated citations to the evidentiary record and argued that the evidence gave rise to genuine issues of material fact such that summary judgment was not appropriate. *Id.*

Judge O'Brien did not have the benefit of the entire state court record when he determined that Ground I "will be allowed to proceed to an evidentiary hearing." I do. Based on my careful review of that record, I find that Powell has failed to make the showings required for an evidentiary hearing. As such, I will not conduct an evidentiary hearing in this matter. Ground I and Ground II will be submitted and decided by written arguments. Because this is a significant procedural development, I will require briefing with regard to Ground I (which has not yet been briefed) and also will permit the parties to supplement their briefing on Ground II, if they so choose. With regard to Ground II, I believe it would be especially helpful for Powell to address the issue of procedural default.

## IV. CONCLUSION

Because I find that an evidentiary hearing is not warranted with regard to any claim in this case, I will permit Powell to file a final merits brief. That brief must address the merits of Ground I and may include additional arguments with regard Ground II. That brief shall be filed on or before **August 1, 2016**.

Respondent shall file a response to Powell's brief no later than **September 15, 2016**. Powell may, but is not required to, file a reply on or before **October 3, 2016**. This matter will be then be fully submitted and ready for decision. Because of the age of this case, and the pattern of requests for extensions, the parties are advised that no extensions of these briefing deadlines will be granted absent a showing of exceptional and unforeseeable circumstances.

**IT IS SO ORDERED.**

**DATED** this 2nd day of June, 2016.

_____
LEONARD T. STRAND
UNITED STATES DISTRICT JUDGE